COMMONWEALTH *vs.* DONALD BANKS. No. 88-P-1358. September 14, 1989. *Evidence*, Photograph.

The defendant appeals from three convictions[1] claiming error in the introduction of a "mug shot" without proper sanitizing, and in the alleged

---

[1] The convictions were for (1) robbery being armed, (2) entering a dwelling being armed and making assault with intent to commit a felony, and (3) breaking and entering a building with intent to commit a felony in the daytime.

failure of the judge to inform defense counsel of his proposed action upon a request for a jury instruction that they "cannot draw an inference against the defendant simply because the police had his photograph." We affirm the convictions.

1. The jury could have found the following facts. On January 22, 1985, at 4:00 P.M., the victim returned to his apartment in Roxbury. He found the door open and the lock dangling. As he entered the apartment, he recognized Donald Banks, the brother of a friend of his, taking the victim's color television. Banks held a gun to the victim's head and said, "I'm already wanted by the cops and I'd just as soon blow your head off." Banks left, taking the television set and $125 from the victim's breast pocket.

After the police were informed by the victim that Donald Banks had committed the robbery, they showed the victim a series of photographs. The victim identified the defendant.

Prior to the admission of the defendant's photograph, the defendant asked that it be sanitized and also asked for a limiting instruction. The photograph was a double pose with numbered height marks on the side of each pose. The prosecutor cropped the photograph to remove any police identification numbers, but not the height lines, and pasted a label, which could easily be lifted, over part of the back of the photograph. A notation "Book #7 slot #1809" remained visible on the back of the photograph.

When the photograph was introduced in evidence, no objection was taken to the method of sanitizing, and the judge gave the following strong limiting instruction:

> "Ladies and gentlemen, let me say that with respect to the photograph that has been introduced into evidence, that the police have many ways of obtaining photographs of individuals. Sometimes it is persons who have committed crimes in the past, but there are other ways that they may have in their possession photographs.
>
> "And the point I want to make is, the mere fact that the police have a person's photograph in their possession, you should not draw from that any inferences, for instance, he is guilty of a crime, or this crime. It is being introduced simply for the purpose of identification, and you are not to draw any further inference from it. That's all."

In view of the powerful identification testimony[2] (the victim knew the defendant, who lived across the street) and the forceful limiting instruction, there was no substantial risk of a miscarriage of justice in the admission of the photograph as "sanitized" by the prosecution. See *Commonwealth* v. *Blaney*, 387 Mass. 628, 636-640 (1982). We suggest, however, for future cases, that where the jury cannot be "left with the impression that any

---

[2] Here, unlike *Commonwealth* v. *Smith*, 21 Mass. App. Ct. 619, 622 (1986), *S.C.*, 400 Mass. 1002 (1987), the identification of the defendant was not conceded.

photographs used to identify the defendant were taken after his arrest on the charges for which he is being tried," *id.* at 639, if possible, the pictures be severed and the height marks be eliminated (by photographic cropping if necessary).

2. The docket entry in the Superior Court for March 3, 1988, shows the following entry:

"Defendant's request for instructions to jury filed and allowed in substance. See record."

Despite the reference to a "record," no other record is contained in the record appendix except for the text of requested instruction number 3.[3] The judge, having already given a more emphatic version of the instruction, was not required to repeat it. It is not apparent on the record before us that there was a violation of the requirements of Mass.R.Crim.P. 24(b), 378 Mass. 895-896 (1979). Nothing indicates that counsel was led to believe that the judge would again give the instruction he had given the day before. While we again emphasize the importance of complying with the mandatory requirements of the rule, see *Commonwealth* v. *Green, ante* 762, 770-771 (1989), so that counsel may frame their closing arguments in light of the judge's treatment of each requested instruction, see Smith, Criminal Practice and Procedure § 1845 (2d ed. 1983), here no prejudice appears. The instruction had already been given, and counsel, in closing, stressed his defense of misidentification. Moreover, had counsel known of the judge's refusal in advance and had counsel addressed the issue of adverse inferences drawn from the photographs, we have no doubt that such argument could not have affected the outcome. The error, if any, was harmless beyond a reasonable doubt.

*Judgments affirmed.*

*Lee A. Drizin* for the defendant.

*Daniel M. Marposon,* Assistant District Attorney, for the Commonwealth.

---

[3] The requested instruction was: "You cannot draw an inference against the defendant simply because the police had his photograph. The police department may have pictures of people for many different reasons and you cannot speculate on that fact."