COMMONWEALTH *vs.* MARK T. THAYER.

No. 94-P-1597.

Franklin. September 11, 1995. - November 6, 1995.

Present: DREBEN, SMITH, & PORADA, JJ.

*Identification. Evidence,* Other offense, Photograph, Identification. *Practice, Criminal,* Jury and jurors. *Jury and Jurors.*

At a criminal trial, a substantial risk of a miscarriage of justice was created by the submission to the jury of the defendant's photograph bearing notations suggestive of unrelated similar criminal activity; a new trial was required where the information on the photograph was prejudicial, where the judge's instructions were not sufficient to dispel the prejudice, and where the evidence of the defendant's guilt was not overwhelming. [398-400]

INDICTMENT found and returned in the Superior Court Department on May 26, 1993.

The case was tried before *Mary-Lou Rup,* J.

*Cindy Ellen Hill* for the defendant.

*Shaun S. McLean,* Assistant District Attorney, for the Commonwealth.

PORADA, J. The defendant was convicted of unarmed robbery by a jury in the Superior Court. On appeal, he argues that a substantial risk of a miscarriage of justice occurred when his photograph was presented to the jury without proper sanitizing and when the judge directed the jury to return to their deliberations without their consent after they supposedly reported they were deadlocked for the third time. We reverse on the ground that the presentment to the jury of the defendant's photograph which contained notations suggestive of unrelated criminal activity created a substantial risk of a miscarriage of justice.

We summarize the evidence. The clerk of a Cumberland Farms store testified that at about 11:00 P.M. on March 20,

1993, a man entered the store, selected a candy bar, and then approached the cash register where she was standing and demanded that she give him money out of the cash register. She stated that she opened the cash register and the man removed the money from the register. As the man left the store, he told her not to move or look at him because he would shoot her if she did. Immediately after the robbery she assisted the police in preparing a composite picture of the robber and in examining a book of photographs. She did not identify anyone at that time as the robber.

On April 23, 1993, the police asked her to look at a photographic array of eight frontal pose photographs. She selected a photograph of the defendant as the robber. Three of the photographs in the array were of people whom she knew, but she did not disclose that fact to the police. There was evidence that some time later she told a cousin that she was not sure that the defendant was the person who had committed the robbery and that during her examination of the photographic array the police kept pointing to the defendant's picture. There was also evidence that prior to the robbery, the clerk's boyfriend had repeatedly requested that she give him money and that she take it from the store cash register. There was also evidence that her boyfriend resembled the defendant.

Identification was the key issue in this case. Accordingly, the Commonwealth offered in evidence without objection by the defendant the photographic array from which the clerk had selected the defendant's photograph. The array consisted of eight frontal pose photographs of males. There were no markings on the face of the photographs, but on the back of each photograph was listed a name, date, and offense. On the back of the defendant's photograph, taken from the Greenfield police department files, was listed his name, height, weight, date of birth, the crime of armed robbery, the date of April 23, 1993, and a file number. When the array was distributed during the trial, none of this information was sanitized. At the close of the trial, the judge called counsel's attention to this fact. Defense counsel then moved that the

photographs be sanitized. The judge ordered that they be sanitized before the photographic array was delivered to the jury for use during their deliberations. The record is silent as to who sanitized the photographs but in any event the Commonwealth and the defendant agree that the backs of the photographs were inadequately sanitized and that the information contained on the backs of the photographs would have been visible to the jury during their deliberations.

Although the defendant made no objection to the failure to sanitize or the poor sanitizing, he now contends that the submission of his photograph to the jury with this information created a substantial risk of a miscarriage of justice because it suggested to the jury that the defendant had a criminal history and that he had committed a similar crime, which, he argues, could well have convinced the jury that he committed the crime in question. See *Commonwealth v. Tracy*, 27 Mass. App. Ct. 455, 460 (1989), quoting from *Commonwealth v. Guilfoyle*, 396 Mass. 1003, 1004 (1985) ("[i]t is all too easy for a jury to surmise that if a defendant earlier committed a crime, he probably committed the crime for which he is being tried, particularly if the crimes are similar"). We have repeatedly held that where there is a need to introduce mug shots, the mug shots, to the extent possible, should not indicate a prior record and should not call attention to their origins and implications. *Commonwealth v. Smith*, 29 Mass. App. Ct. 449, 451 (1990). *Commonwealth v. Gee*, 36 Mass. App. Ct. 154, 157-158 (1994). We are not convinced, as the Commonwealth argues, that the notations on the back of the defendant's photograph simply suggest that the photograph was taken during the police investigation of this incident because the date on the photograph did not precede the date of the offense charged here. Compare *Commonwealth v. Payton*, 35 Mass. App. Ct. 586, 594-595 (1993) (where the dates on the photographs were later than the date of the offenses for which the defendant was on trial, no suggestion that the defendant had a prior record). The Commonwealth argues that the date of April 23, 1993, simply reflects the date on which the clerk made her identifica-

tion and that the crime of armed robbery noted fits the clerk's version of the event in question. While it is true that the date noted is the same as the date on which the clerk made her identification and that the clerk's version of the event may have fit the crime of armed robbery, there was no evidence offered as to when the defendant was arrested for this charge or indicating that the initial charge against him in connection with this offense was armed robbery. Nor is the information contained on the back of the defendant's photograph as innocuous as the Commonwealth suggests — the information depicted thereon includes a file number for the Greenfield police department, the defendant's height, weight, and date of birth and lists the crime as one other than the crime of unarmed robbery. In these circumstances it is just as likely that the jury inferred that the defendant had been arrested for an armed robbery that occurred after the robbery of March 20 in question here but on or before April 23.

While we recognize that the judge in her instructions to the jury cautioned the jury not to draw any inference that the police had the defendant's photograph in their possession, we do not believe that the instruction was sufficient to dispel the prejudice to the defendant from the information contained on the back of the photograph. Compare *Commonwealth* v. *Banks*, 27 Mass. App. Ct. 1193, 1194 (1989). This was not a case in which the evidence of the defendant's guilt was overwhelming. The Commonwealth's case was based solely on the identification by the store clerk of the defendant as the robber. The defendant offered evidence to impeach her credibility and specifically challenged her version of the identification procedures used by the police in this case. Moreover, the information contained on the back of the photograph was sufficiently prejudicial to make plausible an inference that the result might have been otherwise for the error. *Commonwealth* v. *Tracy*, 27 Mass. App. Ct. at 460. Finally, it is inescapable that counsel's failure to object was not simply a reasonable tactical decision. Accordingly, we conclude in the circumstances of this case that the three preconditions for establishing a substantial risk of a miscarriage

of justice have been met. *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 21 (1986).

As the defendant's other claim of error is not likely to arise in the same context at retrial, we do not discuss it.

*Judgment reversed.*
*Verdict set aside.*