## COMMONWEALTH *vs.* GEORGE PICKLES.

Essex.  October 1, 1984. — January 28, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, JJ.

*Practice, Criminal,* Instructions to jury.

At the trial of complaints charging the defendant with operating to endanger
and homicide by motor vehicle, the judge's instructions to the jury
created a substantial risk of a miscarriage of justice where, although the
judge properly stated twice that the burden of proof was on the Common-
wealth, he subsequently charged that "[i]f you find that he was not
negligent, beyond a reasonable doubt, of course you will find him not
guilty," thus shifting the entire burden of proof to the defendant, and
where the judge's discussion of the complaints and stipulations of the
parties could have confused the jury as to the elements of the crimes
charged to which the defendant had stipulated. [778-780]

COMPLAINT received and sworn to in the Lawrence Division
of the District Court Department on January 29, 1981.

On appeal to the jury session of the Central Northern Essex
Division, the case was tried before *Salvatore Faraci,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*David R. DiCicco (Kenneth J. Gould* with him) for the
defendant.

*Dyanne Klein Polatin,* Assistant District Attorney, for the
Commonwealth.

LIACOS, J. The defendant, George Pickles, was found guilty
of motor vehicle homicide by a jury of six in the Haverhill
District Court.[1] G. L. c. 90, § 24G. He appealed his conviction

[1] The defendant was originally tried and convicted of the charges of
operating to endanger and motor vehicle homicide in a jury-waived session
of the Lawrence District Court. The defendant appealed and was tried de
novo before a jury of six in the Haverhill District Court. The jury found
Pickles guilty of both charges. The trial judge then dismissed the lesser-
included offense of operating to endanger, and sentenced the defendant on
the motor vehicle homicide conviction.

to the Appeals Court, which summarily affirmed the judgment.[2] 17 Mass. App. Ct. 1108 (1983). We granted the defendant's application for further appellate review. We reverse.

The defendant argues that the judge's instructions to the jury shifted the burden of proof to the defendant, depriving him of his constitutional right to due process. He also argues that the jury instructions were so confusing that they misled the jury.

The proper standard for reviewing the jury charge in this case is whether it was so erroneous that it created a "substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). Cf. *Commonwealth* v. *Conroy*, 333 Mass. 751, 756-757 (1956). We apply this standard because trial counsel did not make a timely objection to the jury charge as required by Mass. R. Crim. P. 24 (b), 378 Mass. 895 (1979) ("No party may assign as error the giving . . . [of] an instruction unless he objects thereto before the jury retires to consider its verdict, specifying the matter to which he objects and the grounds of his objection").[3] See *Commonwealth* v. *Loretta*, 386 Mass. 794, 799 (1982) (applying "substantial risk of a miscarriage of justice" standard to review of jury charge when the defendant had not objected below). In reviewing the charge to determine whether it created a substantial risk of a miscarriage of justice, we examine the charge as a whole. See *Commonwealth* v. *Albert*, 391 Mass. 853, 858-859 (1984); *Commonwealth* v. *Loretta, supra* at 798-799.

The charge spans eight and one-half pages of transcript. At the outset the judge described the relative roles of judge and jury and emphasized the jury's fact-finding role. He then described the two complaints. In his discussion of the complaints, he referred to three stipulations made by the parties. He indicated that the parties had stipulated that the defendant had been

---

[2] The execution of the defendant's sentence has been stayed pending appeal, pursuant to an order of the Appeals Court.

[3] Pickles argued to the Appeals Court that the trial judge prevented trial counsel from stating his objection to the charge before the jury retired, but he does not make that argument before this court. He conceded at oral argument before us that trial counsel did not timely object.

driving on a public way, and that the defendant had operated the automobile. He then stated:

> "And it's been stipulated that — the — uh — no, that, that the car — the charge is that the car was being operated negligently upon a public way so that the safety of the public might be in danger.
>
> "And the other charge is that he operated his car recklessly or negligently so that the lives or the safety of the public might be in danger, and by such operation, did cause the death of another person, to wit: Thomas Wood. And there, again, you don't have to concern yourself with that aspect of the case, because it has been stipulated in this case that the accident did, in fact, cause the death of Thomas Wood.
>
> "So actually, when you come right down to this case, it comes down to one very simple narrow issue, and that is the negligence of the defendant."

The judge then proceeded to define negligence, to discuss some of the evidence, and to illustrate the concept of a reasonable inference. He then stated, "Now, the burden of proof is upon the Commonwealth, to prove to you, beyond a reasonable doubt, that the defendant was negligent." In a few sentences he defined "reasonable doubt," concluding with, "And if you come to the conclusion, in this particular case, that Mr. Pickles was negligent, beyond a reasonable doubt, you must find the defendant guilty." His next statement was, "If you find that he was not negligent, beyond a reasonable doubt, of course you will find him not guilty."[4] The judge concluded the charge by briefly discussing the seriousness of the case and the jury's responsibility to decide the case fairly, and by reminding the jury that they were under oath.

---

[4] Earlier, in the course of his definition of negligence, the judge stated that the defendant's testimony was to the effect that the incident was an "unavoidable accident. That he was going along at a moderate rate of speed and lost control of his car and the accident happened. *If you believe that*, the defendant is not guilty" (emphasis supplied).

"[T]he duty of the Government to establish . . . guilt beyond a reasonable doubt . . . is a requirement and a safeguard of due process of law . . . ." *In re Winship*, 397 U.S. 358, 362 (1970), quoting *Leland* v. *Oregon*, 343 U.S. 790, 802-803 (1952) (Frankfurter, J., dissenting). *Sandstrom* v. *Montana*, 442 U.S. 510 (1979). The defendant argues that the trial judge undermined the government's constitutional duty to establish guilt beyond a reasonable doubt when he instructed the jury, "If you find that he was not negligent, beyond a reasonable doubt, of course you will find him not guilty." This statement expressly put the burden on the defendant to prove his innocence beyond a reasonable doubt. Jury instructions which relieve the government of its burden of proof "beyond a reasonable doubt of every fact necessary to constitute the crime" violate due process requirements. *In re Winship, supra* at 364. See *Sandstrom* v. *Montana, supra; Mullaney* v. *Wilbur*, 421 U.S. 684 (1975). We have reversed judgments when jury instructions shift the burden of proof to the defendant on any fact necessary to constitute the crime. See *Commonwealth* v. *Zezima*, 387 Mass. 748 (1982) (malice, intent, and disproving accident); *Commonwealth* v. *Moreira*, 385 Mass. 792, 794 (1982) (whether defendant under the influence of intoxicating liquor); *Commonwealth* v. *Collins*, 374 Mass. 596, 600-601 (1978) (disproving reasonable provocation and self-defense).

In the present case, the instruction shifted the entire burden of proof to the defendant. It came after a discussion of the strictness of the reasonable doubt standard. There was no corrective language later in the charge. Cf. *Commonwealth* v. *Loretta*, 386 Mass. 794, 799 (1982); *Commonwealth* v. *Tavares*, 385 Mass. 140, 147-148, cert. denied, 457 U.S. 1137 (1982). While the instruction in question was directly preceded by a statement that the jury must believe beyond a reasonable doubt that the defendant was negligent in order to convict, the jury could have thought that they had to convict or acquit, based on proof beyond a reasonable doubt. Despite the illogic of this position, the test is how "a reasonable juror could have interpreted the instruction." *Sandstrom* v. *Montana, supra* at 514. The judge stated twice that the burden of proof beyond a

reasonable doubt was on the Commonwealth, and once that it was on the defendant. The latter statement came last and was likely to be fresh in the jurors' minds. See *Commonwealth* v. *Albert*, 391 Mass. 853, 859 (1984). We conclude that a reasonable juror could have interpreted these jury instructions to mean that the defendant was to shoulder the burden of proof of his innocence.[5]

Our conclusion that the jury may have been misled on the issue of the proper allocation of the burden of proof is reinforced by examination of that part of the instructions where the judge discussed the complaints and the stipulations of the parties. The judge began to discuss the complaints, veered off into a discussion of the stipulations, and then returned to a discussion of the complaints.[6]

Neither statement as to the stipulations is free from ambiguity. The jury could have interpreted those statements of the judge to mean that the defendant had stipulated to his own negligence. However, just after this confusing language, the judge said that the case "comes down to one very simple narrow issue, and that is the negligence of the defendant." He then discussed the concept of negligence for two pages. While the jury may not have thought that the defendant had stipulated to the "one . . . issue" in the case, they certainly could have been confused as to which elements of the matter in issue the defendant had stipulated. "[A] defendant, in a criminal case, is entitled to have the issues of fact clearly presented to the jury and the law applicable thereto carefully explained . . . ." *Commonwealth* v. *Greenberg*, 339 Mass. 557, 584 (1959). See *Commonwealth* v. *Roberts*, 378 Mass. 116, 130 (1979) (judge must give "adequate and clear instructions on the applicable law").

---

[5] We note also that nowhere in the charge did the judge state that the defendant is presumed innocent. The record does not reveal whether the defendant requested a presumption of innocence instruction, and the defendant does not argue its absence as error. *Taylor* v. *Kentucky*, 436 U.S. 478 (1978). *Commonwealth* v. *Madeiros*, 255 Mass. 304, 315-316 (1926). However, we note that its absence exacerbates the error in the burden-shifting language.

[6] See the portion of the charge as quoted at 777, *supra.*

The instructions in this case did not meet the standard of "adequate and clear."

We conclude that the judge's charge created a substantial risk of a miscarriage of justice at the trial. *Commonwealth* v. *Loretta, supra.* The jury could have interpreted the charge to mean that the defendant had the burden of proving his innocence. They also could have been confused as to what elements of the crimes charged the defendant had stipulated.

*Judgment of the District Court reversed.*
*Verdict set aside.*