COMMONWEALTH *vs.* JAMES REDGATE. No. 87-589. March 2, 1988. *Rape. Practice, Criminal,* Instructions to jury. *Evidence,* Cross-examination.

At the close of the Commonwealth's case the defendant, Redgate, moved for a required finding of not guilty on one of two indictments alleging rape of

a child under sixteen (G. L. c. 265, § 22A), in this case a boy of five. In substance, the motion was granted, i.e., the trial judge ruled that only one indictment of rape would be placed before the jury for consideration. The reason for withdrawing one of the indictments is that it presupposed evidence of oral penetration of the child by the defendant. No such evidence developed, and the Commonwealth agreed that, so far as the charge of rape was concerned, the case should go to the jury on a theory of anal penetration only.

When the judge instructed the jury, however, he defined unnatural sexual intercourse as including oral and anal intercourse. By so doing, the defendant argues on appeal, and by an answer the judge gave to a question from the jury, the judge permitted the jury to convict on a theory — oral penetration — which lacked foundation in the record.

In addition to the two indictments for rape of a child under sixteen, Redgate was charged with — and convicted of — indecent assault and battery on a child under fourteen (G. L. c. 265, § 13B) and assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A), a burning cigarette. The child, a boy whom we shall call "Bobby," testified that, when he was five years old, he was sexually and physically abused by the defendant, a boarder in his parents' apartment. More precisely, Bobby testified that the defendant had touched Bobby's penis, had put his own penis into Bobby's anus, and had burned Bobby's face with a lighted cigarette.[1] Nothing in Bobby's testimony or that of any other percipient witness allowed the jury to find that an act of fellatio had occurred between him and the defendant.[2] Consequently, with the concurrence of the Commonwealth, the trial judge dismissed one of the two indictments charging rape. Again with agreement of counsel, the judge did not explain why he was dismissing one of the rape indictments. To do so, counsel and the judge reasoned, carried the risk of judicial suggestion that anal penetration had been proved. When it came time to instruct the jury on the applicable law, however, the trial judge made references to oral intercourse, namely —

> THE COURT: "Now, in order for you to find the defendant guilty of this crime [statutory rape], it is incumbent upon the Commonwealth to prove each of the following three elements beyond a doubt. First, in this case, that the defendant engaged in unnatural sexual intercourse

---

[1] Bobby had no recollection of when the alleged incidents occurred. His mother and a foster parent, however, testified that the incidents took place on or near October 1, 1985.

[2] There was reason for the Commonwealth to have expected otherwise. The child's foster mother quoted him as having said he had been subjected to acts of fellatio by the defendant. Indeed, the foster mother testified at trial. Her "fresh complaint" testimony, however, could do no more than corroborate the testimony of the victim. When the victim denied that the defendant had placed his penis in the victim's mouth, fresh complaint witnesses could not make up the deficiency in the evidence.

. . . the definition of unnatural sexual intercourse is as follows: *Unnatural sexual intercourse includes oral* and anal *intercourse*, including fellatio, which is the oral stimulation of the penis" (emphasis supplied).

Defense counsel made no objection to this instruction, Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). The question before us, therefore, is whether the charge as given created a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). *Commonwealth* v. *Pickles*, 393 Mass. 775, 776 (1985). *Commonwealth* v. *Schoen*, 24 Mass. App. Ct. 731, 734 (1987).

Although no percipient witness had spoken about an episode of fellatio between the defendant and Bobby, the jury had heard from a fresh complaint witness that the defendant had put his penis in Bobby's mouth (see note 2, above). The trial judge explained admirably the limited evidentiary value of fresh complaint testimony, and that such testimony cannot be probative of facts to which the victim-witness has not testified. See generally Liacos, Massachusetts Evidence 171 (5th ed. 1981). When the trial judge defined unnatural intercourse as including oral intercourse, however, he inadvertently put for consideration by the jury an act of rape of which there was no evidence. Although we presume that juries understand and follow the directions of the judge, *Commonwealth* v. *Campbell*, 394 Mass. 77, 86 (1985), to suppose that the jury in these circumstances might not have thought oral penetration was in the case is to presume too much. See *Commonwealth* v. *Brattman*, 10 Mass. App. Ct. 579, 584-586 (1980); *Commonwealth* v. *Leavitt*, 17 Mass. App. Ct. 585, 593-596 (1984). Cf. *Commonwealth* v. *Benders*, 361 Mass. 704, 708 (1972). Contrast *Commonwealth* v. *Perretti*, 20 Mass. App. Ct. 36, 42-44 (1985).

Our concern that the jury may have considered the case on the basis of an act of oral penetration is not fanciful, as a question put by the jury to the judge during their deliberations demonstrates. The jurors asked: "Does rape imply penetration? Does penetration include the mouth as well as the rectum in a same sex assault?" The judge responded:

> "The answer to your first specific question, 'Does rape imply penetration?' is yes. Rape requires a showing, beyond a reasonable doubt, of some penetration, however slight, but there must be a degree of penetration. *'Does penetration include the mouth as well as the rectum in a same sex assault?' The answer to that is yes.* In order for [there] to be rape involving the *oral* cavity, there would have to be penetration by a penis and the same is true as to rape insofar as the rectum is concerned. In both instances, penetration would have to be shown by the Commonwealth, beyond a reasonable doubt. However, a slight degree of penetration would suffice." (Emphasis supplied.)

Both sides approved the judge's answer to the jury's question, although the jurors' consideration of oral penetration was reinforced.

Sometime later the jury inquired: "Does penetration of the area between the cheeks of the buttocks and not necessarily the anal opening constitute rape under the law?" The question suggests doubt about anal penetration. The judge's answer (set out in the margin [3]) was certainly to the point, but we have no way of knowing whether the jury convicted Redgate of rape on the impermissible basis left before them, i.e., of oral penetration. Reversal of the judgment based on the conviction of rape is required. See *Commonwealth* v. *Bastarache*, 382 Mass. 86, 104 (1980).

As an additional ground of appeal, Redgate argues that he was shut off from proper cross-examination of an investigator from the Department of Social Services and of a police detective. The questions defense counsel desired to put concerned whether the victim had told the investigator that he had also been assaulted by his father. The only relevance of such a line of inquiry would have been for whatever bearing it had on the victim's credibility. Bobby had, during direct examination, denied sexual abuse by anyone else. As the questions came up, they were rightly excluded. That there had been any other sexual abuse was highly speculative. Should the case be tried again, the issue could be explored in a preliminary fashion through a voir dire as prescribed in *Commonwealth* v. *Ruffen*, 399 Mass. 811, 814-816 (1987).

There is no merit to Redgate's argument about impropriety in the prosecutor's closing argument. Significantly, it did not bother trial counsel.

The judgment resting on the conviction of rape is reversed and the verdict is set aside. The judgments on the convictions of indecent assault and battery on a child under fourteen (which did not involve the issue of penetration) and assault and battery by means of a dangerous weapon are affirmed.

*So ordered.*

*Maureen B. Brodoff,* Committee for Public Counsel Services, for the defendant.

*Jane A. Donohue,* Assistant District Attorney, for the Commonwealth.

---

[3] "My answer to that question, as you have phrased it is, No. It does not constitute rape under the law. I've told you that penetration is an element of this crime and the penetration must be of the anal opening. That, under some circumstances, depending upon the position, would require penetration of the area between the cheeks of the buttocks, but the element of the crime requires further penetration of the anal . . . opening.

If you place an imaginary plane over the anal orifice, it is an element of this crime that the penis would have to penetrate that plane . . . Mr. Foreman, ladies and gentlemen, I've said before, but in light of this question, I want to repeat that the degree of penetration may be ever so slight. It may not reach any particular degree but it may be ever so slight."