JAMES J. REDGATE, petitioner.

Suffolk. April 7, 1994. - May 12, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Sex Offender. Practice, Civil*, Appeal, Sex offender. *Constitutional Law*, Equal protection of laws, Sex offender. *Evidence*, Sex offender.

This court exercised its discretion to consider an issue not raised in prior proceedings on a petition under G. L. c. 123A, § 9, filed by a prisoner committed as a sexually dangerous person seeking discharge from that commitment, where the complete record on which to examine the issue was presented and it would be inappropriate to instruct the petitioner to initiate an additional court proceeding for purposes of seeking review of the issue. [801-802]

A petitioner under G. L. c. 123A, § 9, seeking discharge from his commitment as a sexually dangerous person under G. L. c. 123A, § 6, was not barred from raising a claim on appeal that was not raised in the proceedings below where the constitutional significance of the issue was not apparent until after the conclusion of the proceedings below. [802]

In the circumstances of a prisoner's commitment to the treatment center at Bridgewater as a sexually dangerous person, he was entitled to vacation of the initial order of commitment under G. L. c. 123A, § 6, under the authority of *Commonwealth* v. *Arment*, 412 Mass. 55 (1992). [802-804]

PETITION filed in the Superior Court Department on November 15, 1989.

The case was heard by *Richard F. Stearns*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Joan C. Stanley* for the petitioner.

*William J. Duensing*, Assistant Attorney General, for the Commonwealth.

NOLAN, J. The petitioner, James J. Redgate, requests that we hold unconstitutional his commitment as a sexually dangerous person (SDP) under G. L. c. 123A, § 6, as appearing

in St. 1985, c. 752, § 1, to the treatment center at the Massachusetts Correctional Institution, at Bridgewater (treatment center). He argues that our decision in *Commonwealth* v. *Arment*, 412 Mass. 55, 62-63 (1992), controls. The Appeals Court held that the *Arment* decision renders his commitment unconstitutional. 35 Mass. App. Ct. 495, 498 (1993). We granted the Commonwealth's application for further appellate review. We agree with the Appeals Court that the petitioner's commitment under G. L. c. 123A violated Redgate's constitutional right to equal protection of the laws. The facts follow.

In December, 1985, Redgate was indicted by a Suffolk County grand jury for rape of a child under the age of sixteen (two indictments), indecent assault and battery of a child under the age of fourteen, and assault and battery by means of a dangerous weapon. A required finding of not guilty was ordered as to one of the indictments for rape of a child. Redgate was found guilty on all remaining indictments. The Appeals Court reversed the conviction of rape of a child. See *Commonwealth* v. *Redgate*, 25 Mass. App. Ct. 965, 968 (1988). Redgate was ultimately sentenced to two concurrent sentences of from eight to ten years on his remaining convictions of indecent assault and battery on a child and assault and battery by means of a dangerous weapon.

In April, 1987, the superintendent of the North Central Correctional Institution at Gardner initiated proceedings pursuant to G. L. c. 123A, § 6, for the commitment of Redgate to the treatment center as an SDP. Redgate was examined and the examining psychiatrist reported that Redgate was possibly an SDP. He recommended a sixty-day commitment to the treatment center, which was ordered by a Superior Court judge. After a subsequent hearing in the Superior Court, Redgate was found to be an SDP, and was committed to the treatment center for the statutorily prescribed term of from one day to life.

Redgate, on November 15, 1989, filed a petition under G. L. c. 123A, § 9 (1988 ed.), for examination and dis-

charge from the treatment center. A hearing was conducted in the Superior Court. The judge found the petitioner still to be an SDP, and his petition was denied.

Redgate now appeals, and argues that his initial commitment under G. L. c. 123A, § 6, was violative of his constitutional right to equal protection of the laws, and that the Superior Court judge's denial of his petition for discharge under § 9 was not supported by sufficient evidence. We discuss the issues.

1. *Equal protection of the laws.* Redgate argues that our decision in *Arment, supra,* renders unconstitutional his commitment to the treatment center. In response, the Commonwealth asserts that Redgate is precluded from presenting this argument, as it is presented for the first time on appeal. The Commonwealth argues alternatively that we reconsider our holding in *Arment.*

a. *Jurisdiction and waiver.* The Commonwealth argues that G. L. c. 123A, § 9, does not provide an avenue for presentation of this issue, as the scope of a hearing pursuant to § 9 is strictly limited to the factual question whether a petitioner continues to be an SDP. The Commonwealth further argues that Redgate is precluded from presenting his equal protection argument because such argument was waived by his failure to present it during his initial commitment proceeding and during the proceeding conducted under G. L. c. 123A, § 9, from which he presently appeals.

"Proceedings under G. L. c. 123A, § 9, are to determine the single issue whether or not the petitioner is a sexually dangerous person, as defined by G. L. c. 123A, § 1 . . . . In order to simplify and expedite hearings under G. L. c. 123A, § 9, such hearings should be restricted to the sole issue for which they were intended." *Gagnon, petitioner,* 416 Mass. 775, 778 (1994), quoting *Davis, petitioner,* 383 Mass. 645, 649-650 (1981). However, it is within our discretion to consider issues not otherwise properly before us when presented with argument and a complete record on which to examine the issue. Cf. *Gagnon, petitioner, supra* at 780. In the circumstances, we feel it appropriate to consider the issue

rather than instruct Redgate to initiate an additional court proceeding. We agree with the Appeals Court that "[i]t would be a reproach to the justice system and would squander judicial and legal resources to require that Redgate launch still another proceeding (as the Commonwealth in its brief invites him to do) when the relevant facts are known and the result is self-evident." 35 Mass. App. Ct. at 499-500.

The Commonwealth argues that Redgate waived the issue of the constitutionality of his commitment by failing to raise it prior to this appeal. "Our cases hold consistently that a nonjurisdictional issue not presented at the trial level need not be considered on appeal." *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977), and cases cited. "This rule, however, 'does not bar the petitioner from raising claims whose constitutional significance was not established until after the petitioner's trial and appeal.' " *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 248 (1980), quoting *LeBlanc* v. *Commonwealth*, 363 Mass. 171, 173-174 (1973). In Redgate's case, the proceeding under G. L. c. 123A, § 6, took place in 1988. He filed a petition for discharge under G. L. c. 123A, § 9, in November, 1989, and his § 9 hearing was held in March, 1991. The Superior Court judge's determination was filed on February 27, 1992. On the same day, this court held that provisions of G. L. c. 123A, § 6, as amended by St. 1985, c. 752, were constitutionally infirm. See *Arment, supra* at 62-63. We therefore consider the petitioner's argument, because its "constitutional significance was not established" until after the proceedings conducted under G. L. c. 123A, §§ 6 and 9.

b. *G. L. c. 123A, § 6.*[1] General Laws c. 123A, § 6, provided the procedure for initiation by prison officials of SDP commitment proceedings for individuals incarcerated under sentence in a jail or prison. Prior to its 1985 revision, such proceedings were instituted when "a prisoner . . . appears to

---

[1]General Laws c. 123A, §§ 3, 4, 5, 6, and 7 were repealed by St. 1990, c. 150, § 304. See *Redgate, petitioner*, 35 Mass. App. Ct. 495, 496 n.2 (1993).

the . . . superintendent . . . who has him in custody . . . to be a sexually dangerous person." G. L. c. 123A, § 6, inserted by St. 1958, c. 646, § 1. As amended, § 6 required that for a prison superintendent to initiate SDP proceedings, the prisoner ·must have "engage[d] in sexually assaultive behavior while under . . . sentence or in . . . custody." G. L. c. 123A, § 6, as appearing in St. 1985, c. 752, § 1.[2] Section 4 of St. 1985, c. 752, provides in part: "[The] provisions of section six of chapter one hundred and twenty-three A of the General· Laws shall apply only to persons sentenced for offenses committed on or after the effective date of this act. Said provisions as they appeared prior to the effective date of this act shall apply to persons sentenced for offenses committed prior to said effective date." The act came into effect on April 6, 1986. *Arment, supra* at 59. "Therefore, effective April 6, 1986, the law of this Commonwealth, as provided in St. 1985, c. 752, was that a prisoner sentenced for a crime committed after April 6, could not be subjected to an examination leading to further SDP proceedings without having engaged in sexually assaultive behavior in prison, but a prisoner, such as [the petitioner], sentenced for a crime that occurred before April 6, could be subjected to such an examination." *Id.* at 59-60.

In *Arment*, we held that the classification created by St. 1985, c. 752, violates equal protection rights, as it "results in varying treatment of different classes of prisoners, and . . . the classification and varying treatment serve no public interest." *Id.* at 62. We ruled that "there is no rational relation-

---

[2]General Laws c. 123A, § 6, as appearing in St. 1985, c. 752, § 1, provides in part: "If a prisoner under sentence in any jail, house of correction or prison, or in the custody of the department of youth services, engages in sexually assaultive behavior while under such sentence or in such custody and appears to the sheriff, keeper, master, superintendent or director of the facility in which he is under sentence or in custody to be a sexually dangerous person and in need of the care and treatment provided at the center, such officer may notify the commissioner of mental health, who shall thereupon cause such prisoner to be examined by a qualified examiner at the institution wherein he is confined."

ship between the line drawn and a legitimate State interest." *Id.* at 63.

The facts of the present case fall squarely within our holding in *Arment*. Redgate, like the defendant in *Arment*, was serving sentences for crimes committed prior to April 6, 1986, and therefore, under § 4 of St. 1985, c. 752, was subject to the less stringent, preamendment version of G. L. c. 123A, § 6. His commitment proceedings were instituted without him having committed any "sexually assaultive behavior while under . . . sentence." In conformance with *Arment*, we hold that Redgate's right to equal protection of the laws was violated.[3]

2. *Sufficiency of the evidence.* Because we hold that Redgate's initial commitment to the treatment center under G. L. c. 123A, § 6, was constitutionally infirm, and we vacate the Superior Court judge's denial of the petition under G. L. c. 123A, § 9, we need not address whether the judge's order was supported by sufficient evidence. The Appeals Court briefly addressed the issue for the benefit of future proceedings in other cases. 35 Mass. App. Ct. at 500-501. We are in agreement with the Appeals Court's discussion of the issue. By itself, a single act of "sexual misconduct" evidenced by a single conviction cannot support a finding of "repetitive or compulsive sexual misconduct," as that phrase is used in G. L. c. 123A, § 1, as appearing in St. 1985, c. 752, § 1.

3. *Conclusion.* For the foregoing reasons, we vacate the Superior Court's denial of Redgate's petition for discharge from the treatment center, and we vacate the initial order of commitment under G. L. c. 123A, § 6.

*So ordered.*

---

[3]The Commonwealth requests us to reconsider our holding in *Commonwealth* v. *Arment*, 412 Mass. 55 (1992), and argues that the classification created by § 6, as appearing in St. 1985, c. 752, § 1, satisfies the "rational relation" test, when considered in light of G. L. c. 123A, § 5, as appearing in St. 1985, c. 752, § 1. This same argument, however, was presented to us during the appeal in *Arment*, and we rejected it. *Id.* at 62. We see no reason to rule differently in the present case.