COMMONWEALTH *vs.* BRIAN QUINN.

No. 02-P-1705.

Worcester. February 9, 2004. - June 18, 2004.

Present: CYPHER, KANTROWITZ, & BERRY, JJ.

*Motor Vehicle,* Operating under the influence. *Practice, Criminal,* Argument by prosecutor.

At the trial of an indictment for operating a motor vehicle while under the influence of intoxicating liquor, the trial judge did not err in denying the defendant's motion for a required finding of not guilty because the evidence was sufficient to permit a rational trier of fact to conclude beyond a reasonable doubt that the defendant's consumption of alcohol diminished his ability to operate a motor vehicle safely. [334]

A prosecutor's improper closing argument, which suggested to jurors that they might be required to explain their verdict, constituted prejudicial error, where the judge did not give a curative instruction, the Commonwealth's case was not overwhelming, and the main issue for the jury to decide was credibility. [334-336]

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on November 9, 2000.

The case was tried before *Sarkis Teshoian,* J.

*Mary H. Patryn* for the defendant.

*Ellyn H. Lazar-Moore,* Assistant District Attorney, for the Commonwealth.

CYPHER, J. A District Court jury convicted the defendant, Brian Quinn, of operating while under the influence of alcohol, G. L. c. 90, § 24.[1] The defendant claims that the judge should have allowed his motion for a required finding of not guilty, and that in closing argument the prosecutor improperly urged the jury to consider how they would explain their verdict to "a loved one at home or your friend on the phone . . . ." Although

---

[1] The defendant also was found responsible on a charge of violation of a municipal ordinance/by-law. The case was filed with the defendant's consent.

there was sufficient evidence to submit the case to the jury, we reverse the conviction because of the prosecutor's improper closing argument.

1. *Factual background.* The jury could have found the following facts. At approximately 2:00 P.M. on November 8, 2000, Worcester police Officer Richard Cowden responded to a report of a motor vehicle accident in Kelley Square. A ten-wheel dump truck struck a double-parked "box type" truck, pushing it toward a similar truck parked ahead. Both trucks were making deliveries to businesses adjacent to the street. The operator of the second truck, who was working at the rear of his truck, was slightly injured when the first truck was pushed forward by the dump truck. The officer observed heavy damage to the dump truck's front right fender and minor damage to the rear left of the truck that was hit by the dump truck.

Officer Cowden saw the defendant "staggering between the vehicles." The defendant said that he was the driver of the dump truck. Officer Cowden noticed that the defendant's face was flushed, that his eyes were bloodshot, and that there was a strong odor of alcohol on his breath. Officer Cowden administered three field sobriety tests to the defendant with his consent. While the defendant appeared able to follow the officer's instructions, the officer stated he failed each test. The defendant told Officer Cowden that he had been drinking the night before and had one drink during the day to "take the edge off."

The defendant testified that he had several drinks the night before between 9:00 P.M. and 2:00 A.M., going to sleep about 2:30 A.M. and getting up to go to work at 5:00 A.M. He felt "a little hung over" when he woke up that morning. He drove his car about ten miles to pick up his truck, then drove it through Kelley Square to join a municipal crew to load the truck with leaves and take them to a dump about twenty-five miles away. The supervisor of the crew testified that the defendant probably made three such runs until about 2:00 P.M., when the defendant told him he did not feel well and wanted to go home. He did not recall any problem with the defendant's work and did not smell alcohol about him or think the defendant had been drinking. The defendant stated that he felt worse as the day went on because engine exhaust fumes had been entering the

driver's compartment of the 1974 truck, which was in "very bad shape." On his way home through heavy traffic, in making a left turn in Kelley Square he steered sharply, the driver's seat bent, he slipped to one side, and was unable to avoid hitting the bumper of the first double-parked truck. He testified that he got out of the truck to talk to the other two drivers, and that two State troopers on motorcycles appeared, examined his license and registration, and left without making further inquiry. He denied telling Officer Cowden that he had a drink that day.

2. *Motion for required finding of not guilty.* To convict the defendant of operating a motor vehicle while under the influence of intoxicating liquor, the Commonwealth was required to prove that the defendant (1) operated a vehicle, (2) on a public way, (3) while under the influence of alcohol. *Commonwealth* v. *O'Connor*, 420 Mass. 630, 631 (1995). The only element disputed by the defendant is whether he was under the influence of alcohol. The defendant contends that the trial judge should have granted his motion for a required finding of not guilty because the evidence, at the close of the case, equally supported a conclusion that the defendant was sick. The jury could disbelieve the defendant's account that he was sick and not under the influence of alcohol, and "there was nothing compelling in [the defendant's] evidence which caused the [Commonwealth's] case to deteriorate." *Commonwealth* v. *Walker*, 401 Mass. 338, 343-344 (1987). Viewing the evidence according to *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979), a rational trier of fact could have concluded, beyond a reasonable doubt, that the defendant's consumption of alcohol diminished his ability to operator a motor vehicle safely. See *Commonwealth* v. *Stathopoulos*, 401 Mass. 453, 457 (1988). Once the sufficiency of the evidence has been determined, questions of credibility and the weight of the evidence are matters solely within the province of the jury. See *Commonwealth* v. *Ruci*, 409 Mass. 94, 97 (1991), and cases cited.

3. *Closing argument.* The prosecutor structured part of his closing argument around the theme of how the jury would feel about their verdict and how they would explain it to a loved one or a friend. The defendant twice requested a curative instruction, which the judge declined to give. As the point was

preserved for appellate review, see *Commonwealth* v. *Haas*, 373 Mass. 545, 559 (1977), and cases cited, we review the closing argument to determine if there was error and whether the error was prejudicial. *Commonwealth* v. *Santiago*, 425 Mass. 491, 500 (1997). See *Commonwealth* v. *Vinnie*, 428 Mass. 161, 163, cert. denied, 525 U.S. 1007 (1998).

The prosecutor stated:

> "But when you think about this case tonight after you go home, a week from now, a month from now, a year from now, how are you going to feel about your decision? Now that's not the standard.

> "But when you explain it to a loved one at home or your friend on the phone, yeah, I sat on a jury today and these were the facts of the case . . . .

> "I just simply suggest to you that when you look at the evidence the way you're supposed to and you meet the standard that you're supposed to, . . . when you look at that and you explain that story to somebody tonight, tomorrow, a week from now, a year from now, this is what the evidence was. How did you find? Find him guilty . . . ."[2]

The defendant argues that these remarks "essentially told the jurors that they should feel pressure to convict because they would have to explain their verdict later . . . ." We agree that the argument was improper. It is "totally inappropriate to suggest to jurors that they may be required to explain their verdict to anyone, even family members." *Commonwealth* v. *Sevieri*, 21 Mass. App. Ct. 745, 754 (1986).

"In determining whether improper argument requires reversal in any particular case, we consider whether the defendant seasonably objected, whether the error went 'to the heart of the case,' whether the judge's instructions mitigated the error, and

---

[2]In concluding this argument the prosecutor urged the jury to reach the officer's conclusion that the defendant was under the influence of alcohol. The defendant complains of vouching by the prosecutor and the record reflects a number of statements made by the prosecutor that suggest vouching for the officer's judgment. Compare *Commonwealth* v. *McCoy*, 59 Mass. App. Ct. 284, 295 n.7 (2003). The defendant made no objections. In light of the result we reach we need not evaluate those statements to determine whether a substantial risk of a miscarriage of justice resulted.

whether the error 'possibly ma[d]e a difference in the jury's conclusions.' " *Commonwealth* v. *McCoy*, 59 Mass. App. Ct. 284, 293 (2003), quoting from *Commonwealth* v. *Kozec*, 399 Mass. 514, 518 (1987). See *Commonwealth* v. *Santiago*, 425 Mass. at 500. We think that the error was prejudicial. The judge did not give a curative instruction. See *Commonwealth* v. *Sevieri*, 21 Mass. App. Ct. at 754. The Commonwealth's case was not overwhelming[3] and the main issue for the jury to decide was credibility.[4] In these circumstances, we cannot say either that the prosecutor's argument "had but very slight effect," or that the "judgment was not substantially swayed by [that improper argument]." *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 445 (1983), quoting from *Kotteakos* v. *United States*, 328 U.S. 750, 764-765 (1946).

*Judgment reversed.*

*Verdict set aside.*

---

[3]The defendant and the prosecutor referred to a videotape of the defendant's booking at the police station, which was admitted at trial and viewed by the jury. We have viewed the videotape. Of concern to us, but apparently unremarkable to the parties or the judge, is that the videotape depicts the defendant's refusal to take a breathalyzer examination. As far as we can determine from the record, it appears that the jury viewed the entire videotape, including the defendant's refusal to take the breathalyzer. It is improper to admit such evidence. *Commonwealth* v. *Seymour*, 39 Mass. App. Ct. 672, 677 (1996).

[4]In light of the result we reach, we need not consider the defendant's arguments that (1) during his cross-examination of the defendant, not objected to, the prosecutor pursued a line of questions bordering on vouching for the police officer; and (2) that defense counsel failed to challenge the admission of the defendant's statement that he had one drink that day, or request an instruction as to the voluntariness of the statement.