NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-344

COMMONWEALTH

vs.

KEITH A. BRUGNANI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A jury found the defendant, Keith A. Brugnani, guilty of assault and battery on a correctional facility employee in violation of G. L. c. 127, § 38B (b). The defendant appeals, contending that one of the judge's instructions to the jury relieved the Commonwealth of its burden to prove an essential element of the crime charged. We affirm.

Discussion. "The Commonwealth has the burden of proving every element of a crime beyond a reasonable doubt." Commonwealth v. Nolin, 448 Mass. 207, 217 (2007). Where a jury instruction relieves the Commonwealth of this burden or shifts it to the defendant, the defendant's due process rights have been violated, and reversal may be required. See Commonwealth

v. Pickles, 393 Mass. 775, 778 (1985). "Our review of claimed jury instruction errors requires us to 'evaluate the instructions as whole, looking for the interpretation a reasonable juror would place on the judge's words.'" Commonwealth v. Arias, 84 Mass. App. Ct. 454, 465 (2013), quoting Commonwealth v. Trapp, 423 Mass. 356, 361, cert. denied, 519 U.S. 1045 (1996).

To convict the defendant of assault and battery on an employee of a correctional facility, the Commonwealth was required to prove five elements, including that the defendant was a "person in the custody of a correctional facility" at the time the crime was committed. G. L. c. 127, § 38B (b). The defendant argues for the first time on appeal that one sentence from the judge's instructions to the jury -- "You have heard that the defendant was in custody of a correctional facility" -- relieved the Commonwealth's burden of proving the "in custody" element of the crime.

We discern no error. "We do not consider bits and pieces of the instruction in isolation." Commonwealth v. Young, 461 Mass. 198, 207 (2012). The judge properly instructed the jury that the Commonwealth was required to prove "five elements beyond a reasonable doubt," including "[f]ourth, that the defendant was in custody of the correctional facility at the time." The judge then defined each element in detail. When

explaining the fourth element, the judge repeated the Commonwealth's burden: "To prove the fourth element, the Commonwealth must prove beyond a reasonable doubt that the defendant was in custody of a correctional facility." The judge then defined "correctional facility" and "custody." Concluding the instructions on the elements of the crime, the judge repeated that the Commonwealth had to prove each element beyond a reasonable doubt, and further instructed that the jury had to acquit if the Commonwealth "failed to prove one or more of the elements beyond a reasonable doubt."

The judge followed these instructions with a limiting instruction, given for the defendant's benefit, to prevent the jury from improperly using the evidence of the defendant's incarceration for propensity purposes. Specifically, the judge instructed the jury that, having "heard" that the defendant was in custody, they were not to use this evidence for any of the following purposes: "as a substitute for proof that the defendant committed the crime charged"; "as proof that the defendant has a criminal personality or a bad character"; or "to conclude that if the defendant committed the other act, they must also have committed this offense." The judge concluded by stressing that the jury could consider evidence of the defendant's incarceration "solely on the limited issue of whether the defendant was in the custody of a correctional

3

facility," but that they "may not consider this evidence for any other purpose" (emphasis added).  This language conveyed that the issue of the defendant's custody was still for the jury to determine.

The instruction complained of, and the language surrounding it, was a correct statement of the law that followed the model jury instructions verbatim.  See Instruction 6.215 of the Criminal Model Jury Instructions for Use in the District Court (2022) (supplemental instruction on "other bad acts"). "Instructions that convey the proper legal standard, particularly when tracking model jury instructions, are deemed correct."  Green, petitioner, 475 Mass. 624, 629 (2016).  An instruction such as the one given here does not create, but rather minimizes, prejudice to the defendant.  See Commonwealth v. Brown, 462 Mass. 620, 628 (2012).  Defense counsel did not object, suggesting that the judge's phrasing was not confusing or problematic at the time and in the context it was given.

Finally, less than an hour into their deliberations, the jury requested and received "a written description of the five elements of the charge that the prosecution needs to prove," which both parties agreed was appropriate and which the defendant has not challenged on appeal.  See Young, 461 Mass. at 210 (contents of written copy of jury instruction relevant to challenge of prior oral instruction).  This document was the

4

last substantive statement of the law provided to the jury before they returned a verdict.  "Because the judge repeated the correct instruction, and the correct instruction was part of the last statement of law the jury heard, we conclude that, on the whole, a reasonable juror would not have misunderstood" that the Commonwealth bore the burden of proving all the elements of assault and battery on a correctional facility employee, including that the defendant was in custody at the time of the crime.  Id. at 211.  See Commonwealth v. Waite, 422 Mass. 792, 806 (1996) (no reversible error where "the charge as a whole repeatedly and clearly emphasized the Commonwealth's burden of proof beyond a reasonable doubt on every element of [the crime charged]").

Judgment affirmed.

By the Court (Massing, Ditkoff & Hand, JJ.[1]),

Clerk

Entered:  June 15, 2026.

---

[1] The panelists are listed in order of seniority.