*Joseph Wersetsky,* pro se.

COMMONWEALTH *vs.* ROBERT PETTINGEL. October 27, 1980. The defendant appeals from his conviction of receiving goods stolen from Mid-Cape Center, Hyannis (Mid-Cape). He was convicted primarily on the testimony of one Dennis Keating, who testified that he had received air conditioners and other appliances from the defendant. Keating also testified that the defendant told him how he took the goods from the owner's building. The defendant was acquitted of charges of breaking and entering and larceny. We affirm the judgment of conviction.

1. The jury could have found the defendant guilty of larceny or receiving, but not both. *Commonwealth* v. *Obshatkin,* 2 Mass. App. Ct. 1, 4-5 (1974). They could have believed, as they apparently did, Keating's testimony as to his receipt of the stolen goods without giving sufficient credence to his testimony as to what the defendant had told him about how the defendant obtained the stolen goods. *Commonwealth* v. *McInerney,* 373 Mass. 136, 142-144 (1977). See *Donovan* v. *DiPaolo,* 4 Mass. App. Ct. 576, 578 (1976). This left unexplained the defendant's possession of stolen goods, which he knew were stolen — a sufficient basis for a conviction of receiving. *Commonwealth* v. *Taylor,* ante 452, 458 (1980), and cases cited, further app. review granted, 381 Mass. 782 (1980).

2. The court's interruptions of argument by defense counsel do not require reversal.

a. Defense counsel was not, as he contends in his brief, precluded from arguing the significance of the failure of the keeper of the records for Mid-Cape to testify that the articles received by the defendant were those stolen and the lack of any documentary evidence in that connection. See *Commonwealth* v. *Ramey,* 368 Mass. 109, 110-112 (1975). Rather, defense counsel was interrupted when he began to argue that the lack of such evidence from the keeper of the records meant that there wasn't "any [such] evidence." We cannot say that the judge did not act within his discretion, for in context the argument might have given the jury the misleading impression that testimony from the keeper of the records was in-

dispensable to prove the identity of the stolen goods and those received by the defendant. See *Commonwealth* v. *Witschi*, 301 Mass. 459, 462 (1938).

b. The defendant points to two other interjections by the judge to instruct the jury during the defendant's closing but shows us nothing erroneous in those instructions. Indeed, at no time either before or after the interjections was the defendant restricted in his argument, which he continued to make, with reference to the omissions in the police investigation. As this case was tried and argued, *Commonwealth* v. *Lussier*, 364 Mass. 414, 421 (1973), which the defendant cites, is inapposite.

3. The prosecutor's argument that it could at least be said for Keating, who testified in exchange for a suspended sentence, that "he could have taken off again [he had previously fled] but he didn't and [interruption]" was no more than damning with faint praise. Indeed, the prosecutor had argued just previously, "Mr. Keating is no boy scout . . . and he wasn't on that witness stand because he wanted to do his thing for truth and justice." Reading the argument as a whole we cannot see how the jury could have been misled. If there was error, it was harmless.

4. The judge erred in failing to inform counsel of his proposed action on the defendant's requested instructions prior to argument. Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). However, "[f]ailure of the court to inform counsel requires reversal if their argument is hampered by lack of this information, but may be treated as harmless error if they are not prejudiced by it." 2 Wright, Federal Practice and Procedure § 482, at 277 (1969). See *Commonwealth* v. *Witschi*, 301 Mass. at 461. The defendant apparently did not feel it necessary to inquire of the court how it was going to rule on his requests but raised the matter after the argument and charge when it could be of no help to him. *United States* v. *Pommerening*, 500 F.2d 92, 101 (10th Cir.), cert. denied, 419 U.S. 1088 (1974). See *Luther* v. *Maple*, 250 F.2d 916, 920 (8th Cir. 1958), interpreting Fed.R.Civ.P. 51. He points to no specific prejudice and we find none on the record. *Whitlock* v. *United States*, 429 F.2d 942, 946 (10th Cir. 1970), and cases cited. Contrast *Loveless* v. *United States*, 260 F.2d 487, 487-488 (D.C. Cir. 1958). His further objection at trial that the judge in his charge did not use the exact language of his instructions is frivolous. *Commonwealth* v. *Martin*, 357 Mass. 190, 193-194 (1970). *Commonwealth* v. *Godin*, 374 Mass. 120, 130-131 (1977), cert. denied, 436 U.S. 917 (1978). Nor does the defendant point to anything in the charge which can be said to be erroneous. The judge was, of course, not required to mention any specific pieces of evidence. *Commonwealth* v. *Greenberg*, 339 Mass. 557, 585 (1959). We have examined the charge as a whole and find that it adequately presented the issues to the jury.

*Judgment affirmed.*

*Alan A. Green* for the defendant.
*Gary A. Nickerson*, Assistant District Attorney, for the Commonwealth.