COMMONWEALTH vs. THOMAS L. PREZIOSI.

Essex. January 6, 1987. — April 23, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Practice, Criminal,* Appeal, Instructions to jury, Argument by prosecutor.
   *Evidence,* Nonexistence of evidence.

In the interest of judicial economy, this court considered the merits of a crim-
   inal defendant's appeal, which the Appeals Court had dismissed for
   failure to file a timely notice of appeal. [750]
At the trial of an indictment for armed robbery, no substantial risk of a mis-
   carriage of justice was created by language in the judge's charge from
   which the jury might have inferred that the prosecution's failure to
   perform a certain test for fingerprints was irrelevant, where the judge
   fully and adequately instructed them on the prosecution's burden of
   proof, and where he neither instructed the jury specifically to disregard
   the failure to test for fingerprints nor limited defense counsel's argument
   on that issue. [750-752]
At a criminal trial there was no impropriety in the prosecutor's suggestion,
   during closing argument, that the jury draw inferences contrary to that
   of "consciousness of innocence," which defense counsel urged them to
   draw from the defendant's permitting police to photograph him. [752-
   753]

INDICTMENT found and returned in the Superior Court De-
partment on December 21, 1981.

The case was tried before *Edward M. Viola,* J., sitting under
statutory authority.

After review by the Appeals Court sub nom. *Commonwealth
v. Butts,* 21 Mass. App. Ct. 972 (1986), the Supreme Judicial
Court granted leave to obtain further appellate review.

*Andrew Silverman,* Committee for Public Counsel Services,
for the defendant.

*Richard A. McGovern,* Assistant District Attorney, for the
Commonwealth.

HENNESSEY, C.J. The defendant, after a jury trial in the
Superior Court, was convicted of armed robbery and sentenced

to a term of five years at the Massachusetts Correctional Institution, Concord.[1] He appealed. He asserts error in the judge's instructions as they related to the failure of the police to test for fingerprints. The Appeals Court ordered dismissal of the appeal because of the defendant's failure to file a "timely notice of appeal." *Commonwealth* v. *Butts,* 21 Mass. App. Ct. 972 (1986). We granted further appellate review. We consider the merits of the appeal, and we affirm the judgment of conviction.

On the night of October 2, 1981, Nicholas Alexandrou was working as the manager at a Burger King restaurant in Saugus. Alexandrou remained alone in the restaurant, doing paperwork, after it closed. At approximately 1:20 A.M., Alexandrou heard "knocking on the front door." When the knocking persisted, Alexandrou went to the restaurant office and telephoned the Saugus police department. As Alexandrou returned to the dining area, he was met by a man inside the restaurant,[2] who pointed a pistol at Alexandrou and said, "I want the money." As they walked to the office, Alexandrou noticed that there was a woman standing behind the man with the pistol. Alexandrou recognized them as the same couple who had dined in the restaurant the previous evening. Alexandrou testified that, on that previous evening, the two had been brought to his attention by a cashier because of a dispute about restaurant policy on the use of coupons. Alexandrou testified that he had observed the couple for "about an hour" on that previous evening.

The defendant took the cash receipts, locked Alexandrou in a walk-in freezer, and escaped with his companion. Alexandrou was rescued from the freezer by a police officer. The defendant had handled a telephone and a screwdriver while on the premises, and these items were seized by the police, but no tests for fingerprints were done on them. The defendant and Butts were later arrested and identified by Alexandrou as the robbers.

---

[1] The defendant was tried and convicted along with Rene Butts, who has not pursued further appellate review.

[2] Apparently the defendant and his companion gained entry because of defective locks on the front door of the restaurant. This fact was discovered by a police officer who arrived shortly after the robbery.

The defendant was convicted on September 29, 1982. The judge sentenced the defendant, but then revoked the sentence on the defendant's request for a one-week stay of execution of sentence. On October 6, 1982, the stay was vacated and sentence was imposed. On November 19, 1982, the defendant filed pro se a motion for leave to file the notice of appeal late. The judge granted the motion on December 1, 1982. The Appeals Court dismissed the appeal because "[t]he record fails to disclose any 'excusable neglect' . . . for [the defendant's] not filing a timely notice of appeal . . . ." *Commonwealth* v. *Butts,* 21 Mass. App. Ct. 972 (1986). The defendant petitioned for a rehearing of his appeal, which the Appeals Court denied. We granted the defendant's application for further appellate review.

1. The issue whether the Appeals Court, in dismissing the appeal, was correct in reasoning that the defendant did not show "excusable neglect" has not been briefed by the parties, nor do we have a sufficient record before us on which to decide the issue. The Commonwealth stated in argument before us that the defendant's appeal is properly before us. Because this is a criminal case in which a prison sentence was ordered, and in the interest of judicial economy, we consider the merits of the defendant's appeal.

2. At trial, a portion of the defense was devoted to questioning why the police had never conducted fingerprint tests on the screwdriver or the telephone. The defendant argues that the judge's instructions precluded the jury from considering this issue.[3] See *Commonwealth* v. *Bowden,* 379 Mass. 472,

---

[3] The judge instructed the jury: "If the attorney is going to argue about that which is not evidence, you must, of course, as I will now tell you very fundamentally, remember you are going to decide this case on the evidence, not on something that was given to you or changing the evidence. So if an attorney says, Now look, if the evidence were different — Ah-ha, but if in your mind the evidence is not different, forget it. You know, it's what the evidence is, not what it should have been, or not what it might have been. It's what the evidence is. So if you believe that such and such a thing is a fact and somebody is arguing about something different, well it's unfortunate they missed the boat."

The judge later instructed the jury: "I suppose all jury trials might like to have certain things. And what you might like, I suppose, is to have a movie

485-486 (1980). Neither defendant objected to the judge's instructions, nor did either defendant propose jury instructions on the issue. "It is a fundamental rule of practice that where a party alleges error in a charge he must bring the alleged error to the attention of the judge in specific terms in order to give the judge an opportunity to rectify the error, if any." *Commonwealth* v. *McDuffee,* 379 Mass. 353, 357 (1979), citing *Commonwealth* v. *Freeman,* 352 Mass. 556, 563 (1967). See Mass. R. Crim. P. 24 (b), 378 Mass. 895 (1979). Where the defendant fails to object to the judge's instructions, the standard of review is whether the jury charge "was so erroneous that it created a 'substantial risk of a miscarriage of justice.'" *Commonwealth* v. *Murray,* 396 Mass. 702, 705 (1986), quoting *Commonwealth* v. *Pickles,* 393 Mass. 775, 776 (1985), and *Commonwealth* v. *Freeman, supra* at 563-564. We "view the charge in its entirety since the adequacy of instructions must be determined in light of their over-all impact on the jury." *Commonwealth* v. *Sellon,* 380 Mass. 220, 231-232 (1980). "Moreover, in determining whether the instructions create a substantial risk of a miscarriage of justice, we view the absence of any objections . . . as relevant." *Commonwealth* v. *Ely,* 388 Mass. 69, 73-74 (1983), citing *Commonwealth* v. *Tavares,* 385 Mass. 140, 148, cert. denied, 457 U.S. 1137 (1982).

The defendant argues that this case is controlled by *Commonwealth* v. *Bowden, supra*. We disagree. In that case, the defendant objected to the judge's instructions.[4] *Id*. at 485. Moreover,

---

or television tape of all of the necessary proceedings with sound and then just show them to you, then you'd like best of all, which you'd hardly ever have. So in regards to this, you have to go on the basis of not what you would like to have had; you can't go ahead and say, Well gee, why didn't they do this or why did they do that; or, you know, there's some evidence here, as far as I'm concerned, Judge, they haven't presented it. The answer is, forget it. You work on what you have."

[4] Nor is the defendant aided by *Commonwealth* v. *Gilmore, ante* 741 (1987), where we have ordered a new trial for the defendant on facts which have some similarity to those in this case. However, in *Gilmore,* the defendant had seasonably saved his rights, and consequently did not have to show a substantial risk of a miscarriage of justice. In *Gilmore,* also, the defendant was precluded by the judge from arguing the Commonwealth's

in that case, the judge explicitly instructed the jury to disregard the fact that the Commonwealth failed to test for fingerprints. *Id.* at 486. In this case, on the other hand, the judge did not specifically mention the failure to test for fingerprints. From the judge's language, there is a possibility that the jury may have inferred that the failure to test for fingerprints was irrelevant; nevertheless, the judge's instructions did not direct that result. Cf. *Commonwealth* v. *Phong Thu Ly,* 19 Mass. App. Ct. 901, 902 (1984). In addition, the judge fully instructed the jury on the presumption of innocence, the Commonwealth's burden to prove guilt beyond a reasonable doubt, and the identification of the defendant. Finally, the inference which could have been drawn from the failure to test for fingerprints does not go directly to the defendant's guilt or innocence. Cf. *Commonwealth* v. *Mitchell,* 20 Mass. App. Ct. 902, 903 (1985) ("while a positive fingerprint test would have ruined the defendant, a negative fingerprint test could not have been particularly helpful to him"); *Commonwealth* v. *Walker,* 14 Mass. App. Ct. 544, 548-549 (1982). The defendant was positively identified on several occasions by the victim of the robbery, who had had the opportunity to observe him for approximately one hour on the evening before the robbery. See *Commonwealth* v. *Walker, supra* at 549.

Because of the defendant's failure to object to the judge's charge, we need not decide whether the judge's charge constituted error, and whether the error was prejudicial. We conclude that there was not a substantial risk of a miscarriage of justice.

3. In closing argument, the defendants' attorneys argued that the jury could infer consciousness of innocence from the defendants' cooperation with the police. In his closing argument, the prosecutor countered that inference: "Now why did Mr. Preziosi voluntarily go with [the police] and have his picture taken? What else is he going to do? Is he going to say no, you can't take my picture? Logically, you would have — he would have handcuffs on going down to the station because —."

---

failure to present certain evidence; in the instant case, counsel was not so limited in argument. Finally, the "missing" evidence in *Gilmore* was of greater significance than the evidence concerned here.

The defendant objected, and the judge instructed the jury that both sides are permitted to "tell their opinion of the evidence," but that the proper inference to be drawn and the question of guilt was for the jury. The prosecutor continued, "What I'm saying is that Mr. Preziosi was in no position to say to Sergeant Meehan, No, you can't take my picture." The judge included in his jury charge further instruction that the attorneys' closing arguments on this issue were not evidence, and that the jury must make the decisions and draw inferences from the evidence. The prosecutor's comments were within the proper realm of suggesting opposing inferences which could be drawn from the evidence. See *Commonwealth* v. *Lamrini*, 392 Mass. 427, 431 (1984); *Commonwealth* v. *Ferreira,* 381 Mass. 306, 316 (1980); *Commonwealth* v. *Hoffer,* 375 Mass. 369, 378 (1978).

*Judgment affirmed.*