COMMONWEALTH *vs.* MICHAEL ADAMS.

No. 92-P-63.

Middlesex. April 21, 1993. - May 24, 1993.

Present: BROWN, KASS, & LAURENCE, JJ.

*Practice, Criminal,* Instructions to jury, Requests for jury instructions. *Evidence,* Nonexistence of evidence.

At a criminal trial, the judge's failure to give a requested instruction to the jury that they could consider deficiencies in the police investigation and draw inferences therefrom did not impair the defendant's ability effectively to present a defense on the issue, and the defendant was not entitled to a new trial. [519-520]


INDICTMENTS found and returned in the Superior Court Department on January 17, 1991.

The cases were tried before *Robert H. Bohn,* J.

*Benjamin H. Keehn,* Committee for Public Counsel Services, for the defendant.

*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant was convicted on indictments charging armed robbery (G. L. c. 265, §17), kidnapping (G. L. c. 265, § 26), and threats to commit a crime (G. L. c. 265, § 25).[1] The robbery took place at a Fayva Shoe Store in the Porter Square Shopping Center in Cambridge. The victim positively identified the defendant at a showup shortly after the incident. At trial, the defendant relied upon a defense of misidentification. The sole issue raised in the appeal is a claim that the defendant was deprived of a fair trial because the judge declined to give an instruction based upon

---

[1]The indictment charging threats to commit a crime, having been filed with the consent of the defendant, is not before the court on appeal. *Commonwealth* v. *Frey,* 390 Mass. 245, 246 (1983).

the principle discussed in *Commonwealth v. Bowden*, 379 Mass. 472, 485-486 (1980), viz., that the jury be permitted to consider deficiencies in the police investigation of the crime. We affirm.

The defendant filed a written request for jury instructions pursuant to Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). The *Bowden* instruction, which was the tenth, and final, of his proposed instructions (the others, for the most part, were routine) appears in the margin.[2] The rule requires that the judge inform counsel of his proposed action on the requested instructions prior to the closing arguments to the jury. See *Commonwealth v. Green*, 27 Mass. App. Ct. 762, 770-771 (1989). Here, the charging conference appears to have taken place in the judge's lobby and was not on the record.[3] Therefore, as the defendant couches his argument on appeal, the issue is whether counsel relied to the defendant's detriment on what she asserts was an indication from the judge that he would give the substance of the instruction, although not necessarily in the same form. In her summation at trial, defense

---

[2] "The fact that certain tests were not conducted by the police, any delay or inadequacy in the tests which were performed or the failure to follow normal police procedures are permissible grounds on which to build a defense, and may raise reasonable doubt in the minds of the jurors. If you determine that it would be expected, in the normal course of events, to perform such tests, and the Commonwealth failed to fulfill its responsibility, then you may draw a negative inference from such failure. In other words, you may infer that such tests, if properly conducted, would have resulted in evidence favorable to the defendant." (Citations omitted.) The concluding sentence in the proposed instruction ("In other words, you may infer that such tests, if properly conducted, would have resulted in evidence favorable to the defendant") is not a correct statement of the law. See *Commonwealth v. Porcher*, 26 Mass. App. Ct. 517, 520-521 (1988).

[3] At this juncture, we are obliged to make note of the disfavored practice of conducting a lobby conference not on the record to rule on proposed jury instructions. See Smith, Criminal Practice and Procedure § 1846 (2d ed. 1983) ("The judge should respond to each request on the record"). Again, we instruct trial court judges that such conferences should be held on the record and, of course, out of the presence of the jury. Likewise, we remind the respective trial counsel to take seriously the advocate's responsibility as an officer of the court to cause such matters — even if it necessitates a respectful reminder to the judge — to be placed on the record. The prevention of error is not solely the responsibility of the trial judge. Cf. *Commonwealth v. Repoza*, 382 Mass. 119, 135 n.8 (1980).

counsel noted what she asserts were deficiencies in the police investigation[4]; the judge's failure to instruct the jury along those lines undercut the defense, the defendant maintains.

There are difficulties with the defendant's approach. The statement in the defendant's brief that "[i]t is apparent from the transcript that the judge had earlier indicated to defense counsel that he would give the substance of [a *Bowden*] instruction" is grounded on defense counsel's own representation to the judge when she objected to the judge's refusal to give the instruction at the completion of the jury charge. At that time counsel stated, "Your Honor, just briefly, you did indicate, prior to commencing this morning, that the things that I had submitted, pretty much all of them were what you were going to do in your own language and your own format." We do not think that the defendant, based upon this version of what took place at the charging conference, could fairly assume that the judge would deliver the instruction. Indeed, defense counsel's own statements at the time of her objection clearly suggest that the judge did not put his imprimatur on the particular instruction at issue: counsel indicated that she had "ma[d]e the assumption that [the judge] w[as] going to include that in some fashion in [his] instruction" and that she was sorry if she "misunderstood."

Where, as here, the judge did not specifically confirm that he would give the instruction, it was incumbent upon counsel to make further inquiry. See, e.g., *Commonwealth* v. *Pettingel*, 10 Mass. App. Ct. 916, 917 (1980); *Commonwealth* v. *McJunkin*, 11 Mass. App. Ct. 609, 617-618 (1981). Contrast *Commonwealth* v. *Sena*, 29 Mass. App. Ct. 463, 467-468 (1990) (judge gave a "clear signal" that he would deliver the proposed instruction but did not do so; judge's incorrect statement of the law required reversal). Here, the record reflects that defense counsel had ample opportunity, prior to

---

[4]The defendant pointed to the failure of the police to test for fingerprints, neglect in ferreting out other possible percipient witnesses to the crime, failure to have the victim view individuals other than the defendant, erroneously charging the defendant's two companions, and failure to incorporate the victim's description of the robber in their police report.

closing arguments, to press the point.[5] Counsel made no reference to the *Bowden* instruction at that time. Viewed from this perspective, the defendant is not in a position to complain about the absence of the instruction. See *Commonwealth* v. *McJunkin, supra.*

Even if it could be said that the defendant was justified in relying on some statement by the judge at the charging conference, the defendant would be required to show that he was prejudiced by the absence of the instruction. *Commonwealth* v. *Pettingel*, 10 Mass. App. Ct. at 917. "The failure to give a requested jury instruction is reversible error only if the requested instruction is (1) substantially correct, (2) was not substantially covered in the charge given to the jury, and (3) *concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense*" (emphasis supplied). Smith, Criminal Practice and Procedure § 1846 (2d ed. Supp. 1992). See also *Commonwealth* v. *Banks*, 27 Mass. App. Ct. 1193, 1195 (1989).

The instruction requested here is one which is within the trial judge's discretion. *Commonwealth* v. *Daye*, 411 Mass. 719, 740-741 (1992). *Commonwealth* v. *Cordle*, 412 Mass. 172, 177 (1992). The failure of the police to conduct certain tests or make certain investigations is a permissible ground on which to build a defense, *Commonwealth* v. *Cordle, supra,* and the judge may not remove that issue from the jury's consideration. *Commonwealth* v. *Bowden*, 379 Mass. at 485-486. However, a judge need not give instructions on what inferences the jury may draw. "If there were inferences favorable to the defendant to be drawn based on deficiencies in the police investigation, it was the job of the defense to urge them to the jury." *Commonwealth* v. *Cordle*, 412 Mass. at 177, quoting from *Commonwealth* v. *Porcher*, 26 Mass. App. Ct. 517, 520-521 (1988). Here, defense counsel in her closing argument urged the jury to consider· deficiencies in

---

[5]There was a discussion at the bench (and out of the presence of the jury) regarding an instruction concerning the lesser included offense of unarmed robbery.

the police investigation as supporting the likelihood of a misidentification. We fail to see how the absence of an instruction on this issue undercut the defense or prejudiced the defendant.

In declining to give the instruction, the judge characterized the matter of the police investigation as "collateral." See *Commonwealth* v. *Cordle*, 412 Mass. at 177 (requested instruction on Commonwealth's failure to conduct certain forensic tests involved a "subsidiary issue" at trial). There was police testimony that fingerprints were not taken because the victim indicated that the defendant had not touched anything; therefore, it reasonably could be inferred that the police's failure to test for fingerprints "does not go directly to the defendant's guilt or innocence." *Commonwealth* v. *Preziosi*, 399 Mass. 748, 752 (1987). The principal issue was the possibility of mistaken identification; defense counsel emphasized the point during her closing. As in *Preziosi*, the defendant was positively identified by the victim, she had ample opportunity to observe the defendant face-to-face, in one instance being "inches" away from him, and she was certain of her identification. In these circumstances, the judge's refusal to give the requested instruction, a matter normally reserved to his discretion, *Commonwealth* v. *Daye*, 411 Mass. at 740-741, does not entitle the defendant to a new trial.

*Judgment affirmed.*