NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-99

MARC ALDANA

vs.

COMMONWEALTH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Marc Aldana, filed a civil lawsuit for compensation pursuant to G. L. c. 258D after the Supreme Judicial Court vacated his convictions for two counts of possession of a destructive or incendiary device or substance without lawful authority, G. L. c. 266, § 102 (a) (incendiary device charges). See Commonwealth v. Aldana, 477 Mass. 790, 791-792 (2017). A Superior Court jury concluded that the plaintiff failed to prove by clear and convincing evidence that he was innocent of the incendiary device charges. On appeal, the plaintiff argues that the verdict should be set aside because of various rulings by the judge and erroneous jury instructions. We affirm.

Background. On January 8, 2016, the plaintiff was convicted of the two incendiary device charges. The plaintiff was acquitted of possession of an explosive or incendiary device, G. L. c. 266, § 102 (c).

In September 2017, the Supreme Judicial Court vacated the plaintiff's convictions, holding that "the evidence introduced at trial was not sufficient to establish that the [plaintiff] was without lawful authority to possess the powders themselves or the incendiary substance, thermite, that the Commonwealth asserted he intended to make." Aldana, 477 Mass. at 791-792. The plaintiff thereafter filed a claim in the Superior Court seeking damages for his wrongful convictions pursuant to G. L. c. 258D.

A jury trial commenced in the Superior Court in June 2022. The following evidence was submitted for the jury's consideration. On October 15, 2013, Worcester police officers executed an arrest warrant and forcibly entered the defendant's apartment after knocking and announcing themselves several times. The officers heard glass breaking inside the apartment as they broke down the door. When the officers entered, they saw furniture and tires barricading the door inside. The police found bags containing aluminum powder and red iron oxide on the kitchen counter next to the stove. They additionally located a sliced opened, unlabeled Ziploc bag containing a reddish-brown

2

powder which was later identified as a mixture of red iron oxide and aluminum, a mixture known as "thermite."[1]

Evidence was presented that an "explosive" is defined by 527 Code Mass. Regs. § 13.03 (2008) as "[a]ny chemical compound, mixture, or device, the primary or common purpose of which is to function by explosion, i.e. with substantially instantaneous release of gas and heat."[2]  Aluminum powder qualifies as an explosive as defined by 527 Code Mass. Regs. § 13.03 (2008). Aluminum powder is also a flammable solid as defined by 527 Code Mass. Regs. § 14.02 (2009).  Thermite is a pyrotechnic mixture, that when properly ignited burns at extreme temperatures exceeding 4,000 degrees Fahrenheit, depending on the mixture. Thermite is an incendiary that is a flammable solid pursuant to 527 Code Mass. Regs. § 14.02 (2009).

The jury heard testimony that to store thermite, or its component parts of aluminum powder and red iron oxide, in a residence, an individual needs a permit pursuant to 527 Code

---

[1] The Bureau of Alcohol, Tobacco, Firearms and Explosives and the Massachusetts State Police bomb squad destroyed the powders in a controlled setting with safety barriers, protective equipment, and safety personnel on standby.

[2] Effective January 1, 2015, the version of 527 Code Mass. Regs. in effect at the time of the defendant's arrest was repealed.  The current State comprehensive fire safety code is found in 527 Code Mass. Regs. §§ 1.00 (2023).

Mass. Regs. § 14.03 (2009) and § 25.08 (1993). The jury was also informed that G. L. c. 148, § 24, prohibits storing materials that may become a fire menace. The plaintiff did not have a permit to store thermite or aluminum powder in his apartment and the Worcester Fire Department would not have issued such a permit to a person who wished to store the materials in a residential structure.

The jury concluded that the plaintiff failed to prove by clear and convincing evidence that he was innocent of the incendiary device charges. The plaintiff timely filed this appeal.

Discussion. Entitlement to compensation under G. L. c. 258D turns on, among other things, a showing by the plaintiff that he "did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any lesser included felony." G. L. c. 258D, § 1 (C) (vi). At a minimum, and central to our decision, the plaintiff had to prove to the jury that he did not commit the incendiary charges.[3] The four elements of the incendiary charge

_____

[3] The plaintiff makes various claims regarding jury instructions and evidentiary rulings that the judge made in relation to "related crimes," such as possession of burglarious tools, G. L. c. 266, § 49, and evidence tampering, G. L. c. 268, § 13E. The jury indicated on the verdict slip that the

4

are:  (1) the plaintiff "possessed or controlled," (2) "without lawful authority," (3) a component of a "destructive or incendiary device or substance," and (4) with the intent to make such a device or substance.  Aldana, 477 Mass. at 797-798.

1.  Defective complaint.  The plaintiff argues that the criminal complaint was facially defective and, therefore, the trial court did not have jurisdiction.  The plaintiff's contention has no bearing on his civil case.  However, even if his argument applied to a civil case, "the absence of a required element in [a complaint] does not by itself establish that a crime is not charged, even if acquittal is required if the prosecution were to prove only the allegations in the indictment."  Commonwealth v. Canty, 466 Mass. 535, 548 (2013).  Under that general rule, we ask whether there was "fair notice of the crime charged, [as] [i]t is not necessary for the

plaintiff failed to prove he was innocent of the incendiary device charges and thus did not reach the issues of the "related crimes."  Therefore, if there was any error in the jury instructions or evidentiary rulings regarding the "related charges," they had no impact on the jury verdict and cannot be grounds for reversal.  Thus, we need not reach those issues. See Beaucage v. Mercer, 206 Mass. 492, 500 (1910) ("[A]s the verdict was for the defendant on the question of liability, the instructions as to damages become immaterial"); Pinshaw v. Metropolitan Dist. Comm'n, 33 Mass. App. Ct. 733, 738 (1992) ("[A]ny analysis of the possible prejudicial effect of the judge's instructions [regarding an unreached jury question] . . . would involve us in unnecessary speculation").

5

Commonwealth to set forth in the complaint or indictment every element of the crime to withstand a motion to dismiss" if the complaint otherwise provides fair notice.  Id. at 547 (quotation omitted).  To provide fair notice of a charged offense, a complaint shall state the offense "with sufficient clarity to show a violation of law and to permit the defendant to know the nature of the accusation against him."  Id. (quotation omitted).

Here, the plaintiff's criminal complaint charged him with two counts of possession of a destructive or incendiary device or substance without lawful authority, G. L. c. 266, § 102 (a), and one count of possession of an explosive or incendiary device or substance without lawful authority, G. L. c. 266, § 102 (c). Under the Canty analysis, we have no hesitation in declaring that the plaintiff was on fair notice of the crimes charged in his criminal trial.

Moreover, whether the complaints or indictments were defective, which they were not, pursuant to G. L. c. 258D the plaintiff still had to prove at the civil trial that he did not commit the incendiary device charges.

2.  Without lawful authority.  The plaintiff claims that because the Supreme Judicial Court vacated his convictions, his "factual innocence" had already been proven and therefore the trial court, and this court, should take judicial notice of his "factual innocence."  Although it is true that, in his criminal

6

case, the Commonwealth did not present sufficient facts of each element beyond a reasonable doubt, that alone does not equate to "factual innocence."[4]  In the plaintiff's criminal trial, the Commonwealth failed to present sufficient evidence that the plaintiff lacked lawful authority to possess the aluminum and iron oxide.  See Aldana, 477 Mass. at 799.

The plaintiff has not provided us with any legal support for his assertion that the Commonwealth is prevented from offering additional or different evidence from that which was offered at the criminal trial.  Here, the Commonwealth presented evidence that the plaintiff possessed flammable solids and was subject to licensing and permitting requirements.  Specifically, there was evidence that, pursuant to G. L. c. 148, § 13, the storage of flammable solids required a land use license from the local licensing authority, in this case, the Worcester Fire Department.  The jury also heard testimony and was instructed that 527 Code Mass. Regs § 14.03(1) (2009) required an annual permit to store flammable solids.  It is undisputed that the plaintiff did not have a permit to possess thermite or aluminum powder.  Based on this evidence, the jury instructions regarding

---

[4] A "[f]actually innocent" individual is "a person convicted of a criminal offense who did not commit that offense."  G. L. c. 278A, § 1.

7

the possession of flammable solids and permitting and licensing requirements were proper.

The plaintiff faults the trial judge for not providing a jury instruction regarding the weight exemption contained in 527 Code Mass. Regs. § 13.04(1)(f) (1996). A party is entitled to a jury instruction on an affirmative defense if the party raises the defense and supports it by "sufficient evidence." Commonwealth v. Cabral, 443 Mass. 171, 179 (2005). Where a judge does not instruct the jury on an affirmative defense, the judge errs "if the evidence, viewed in the light most favorable to the [plaintiff], provided support for the affirmative defense." Commonwealth v. Kelly, 484 Mass. 53, 67 (2020).

The weight exemption contained in 527 Code Mass. Regs. § 13.04(1)(f) (1996) applies only to special industrial explosive materials stored or kept in a building. There was no evidence presented at trial that the plaintiff was storing the materials in an industrial setting or for an industrial purpose. See Carrel v. National Cord & Braid Corp., 447 Mass. 431, 445 (2006) (jury instruction warranted if some evidence on the topic admitted at trial). There was no error in not providing an instruction regarding the weight exemption.

3. An incendiary device or substance. Contrary to the plaintiff's argument, the Supreme Judicial Court did not in his criminal matter rule as a matter of law that thermite was not

subject to regulation as a "flammable solid" and could not be revisited at his civil trial. See Aldana, 477 Mass. at 801.[5] The expert evidence at trial was that both aluminum powder and thermite[6] were flammable solids that could be ignited by friction. 527 Code Mass. Regs. § 14.02 (2009) defines a flammable solid as "[a] solid substance, other than one classified as an explosive, which is liable to cause fires through friction, through absorption of moisture, through spontaneous chemical changes, or as a result of retained heat

---

[5] The plaintiff argues that instructing the jury regarding 527 Code Mass. Regs. § 14.00 (2009) violated the ex post facto clauses in art. I, § 9, of the United States Constitution and Part I, art. 24 of the Massachusetts Declaration of Rights. The ex post facto clauses apply only to criminal or punitive statutes. See Police Dep't of Salem v. Sullivan, 460 Mass. 637, 645 (2011). Because the plaintiff brought a civil claim pursuant to G. L. c. 258D and is not facing any criminal penalties or any type of sanctions, the ex post facto clauses do not apply.

[6] Initially, the plaintiff requested that the judge instruct the jury that the thermite in this case does not qualify as a pyrotechnic because it was not commercially manufactured. The judge then gave an instruction in relation to one of the "related crimes." The plaintiff subsequently changed positions and objected to the judge's instruction. In any event, as stated supra, since the jury indicated on the verdict slip that the plaintiff failed to prove he was innocent of the incendiary device charges, and the jury did not reach the issues of the "related crimes," if there were any error in the jury instructions regarding the "related crimes" it had no impact on the jury verdict and cannot be grounds for reversal. Thus, we need not reach those issues.

9

from manufacturing or processing."  Accordingly, the jury instruction regarding flammable substances was not error.

4.  <u>Intent to make a destructive or incendiary device or substance</u>.  A "destructive or incendiary device or substance" is "an explosive, article or device designed or adapted to cause physical harm to persons or property by means of fire, explosion, deflagration or detonation and consisting of substance capable of being ignited, whether or not contrived to ignite or explode automatically."  G. L. c. 266, § 101.  A required element of an incendiary charge is that "the [plaintiff] intended to 'make a destructive or incendiary device or substance.'"  <u>Aldana</u>, 477 Mass. at 798, quoting G. L. c. 266, § 102 (<u>a</u>).

The plaintiff requested a jury instruction that the final element requires a "plus factor" that he intended to make a weapon.  The judge refused the plaintiff's request.  We discern no error.  A judge's refusal

> "to give a requested jury instruction is reversible error only if the requested instruction is (1) substantially correct, (2) was not substantially covered in the charge given to the jury, and (3) concerns an important point in the trial so that the failure to give it seriously impaired the [respondent's] ability to effectively present a given defense [emphasis omitted]."

<u>Commonwealth</u> v. <u>DeGennaro</u>, 84 Mass. App. Ct. 420, 431 (2013), quoting <u>Commonwealth</u> v. <u>Adams</u>, 34 Mass. App. Ct. 516, 519 (1993).  The instruction requested by the plaintiff added an

10

element -- that the plaintiff used the incendiary device or substance as a weapon.  Because the requested instruction would have misstated the elements of the incendiary device charges, the judge correctly declined to give it.  See Commonwealth v. Fano, 400 Mass. 296, 305-306 (1987) ("It was appropriate for the judge to refuse to give the requested instruction because it was incorrect as a matter of law").

Unlike the plaintiff's proposed instruction, the instruction given by the judge accurately stated the law.  "We do not require that judges use particular words" when instructing juries.  Commonwealth v. Kelly, 470 Mass. 682, 697 (2015).  Here, the judge's instructions mirrored the language of the statute and stated a "person intended to make a destructive or incendiary device or substance" and "[a] person acts intentionally when he or she or it acts [purposefully], not by mistake or by accident, and wants the general type of the result

11

to happen or knows that the result is very likely to happen." There was no error.

<u>Judgment affirmed</u>.

By the Court (Vuono, Neyman & D'Angelo, JJ.[7]),

Clerk

Entered:  October 28, 2024.

---

[7] The panelists are listed in order of seniority.

12