NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-431

COMMONWEALTH

vs.

TODD J. MEDEIROS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of motor vehicle homicide by negligent operation, G. L. c. 90, § 24G (b).  The defendant appeals, challenging the judge's decision not to give a requested jury instruction.  We affirm.

Background.  In the early morning on June 23, 2019, the defendant was driving eastbound in his pickup truck on American Legion Highway.  The weather was clear, and the sun was low on the horizon.  Because the "blinding" sun was in front of him, the defendant put the truck's visor down and adjusted it several times.  He had a pair of sunglasses nearby in the vehicle, but he did not put them on.

As the defendant approached an intersection, he noticed an oncoming truck in the westbound lane, activated his left turn signal, and came to a complete stop. After the oncoming truck passed, the defendant made a left turn, and his vehicle struck the victim's motorcycle. The victim was thrown from the motorcycle to the side of the road, and he died shortly after the collision from the injuries he suffered. The defendant testified that he did not see the victim's motorcycle prior to turning. He further testified that, a second or two after beginning to make his turn, he was "blinded" by solar glare that was no longer obstructed by his truck's visor.

Discussion. The defendant argues that the judge erred in denying his request for a supplemental instruction regarding intervening and superseding causes. See Instruction 5.160 of the Criminal Model Jury Instructions for Use in the District Court, supplemental instruction (2009).[1,2] Specifically, he

---

[1] Model Jury Instruction 5.160 was revised in 2023 and no longer includes a supplemental instruction concerning intervening and superseding causes. See Instruction 5.160 of the Criminal Model Jury Instructions for Use in the District Court (2023). Because this case was tried prior to the adoption of the revised instructions, we discuss only the version of the instructions that was applicable at the time the judge instructed the jury.

[2] The supplemental instruction requested by the defendant provided, in relevant part, as follows:

"[T]he law does not consider the defendant to be the cause of the death, and therefore must be acquitted, if some

2

contends that solar glare acted as an intervening, superseding cause of the victim's death, and that a supplemental jury instruction was warranted in light of both the substantial testimony at trial concerning the bright conditions on the morning of the collision, and the defendant's testimony that he was "blinded" after beginning to turn his vehicle.  Because the defendant objected to the judge's denial of his request to instruct the jury on superseding and intervening causes, "we review the denial . . . for prejudicial error."  Commonwealth v. Gallett, 481 Mass. 662, 678 (2019).  The denial of a requested jury instruction is reversible error only if the instruction is "(1) substantially correct, (2) was not substantially covered in the charge given to the jury, and (3) concern[ed] an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense" (emphasis omitted).  Commonwealth v. DeGennaro, 84

---

other person or event was the direct and substantial cause of the death, and the defendant's actions were only a minor and remote link in the chain of events leading to the death.  The defendant must also be acquitted if the death would not have occurred without the intervention of some other person or event, and a reasonable person in the same circumstances would not have foreseen the likely possibility of such a result."

Instruction 5.160 of the Criminal Model Jury Instructions for Use in the District Court, supplemental instruction (2009).

3

Mass. App. Ct. 420, 431 (2013), quoting Commonwealth v. Adams, 34 Mass. App. Ct. 516, 519 (1993).

Here, the judge correctly instructed the jury on the elements of motor vehicle homicide by negligent operation in accordance with the model jury instructions, including the standard instruction on causation. See Instruction 5.160 of the Criminal Model Jury Instructions for Use in the District Court (2009).[3] The jury were instructed to consider all the facts when determining whether the defendant acted negligently, including "what the time of day was, [what] the weather and the condition of the road were, [and] what any other vehicles . . . were doing." We discern no error.

"[T]he appropriate standard of causation to be applied in a negligent vehicular homicide case . . . is that employed in tort law" (citation omitted). Commonwealth v. Angelo Todesca Corp., 446 Mass. 128, 141 (2006). "[N]egligent conduct is the proximate cause of an injury . . . [if] the injury to the

---

[3] That instruction provides:

"The defendant caused the death if his actions directly and substantially set in motion the entire chain of events that produced the death. The defendant is the cause of the death if his actions produced it in a natural and continuous sequence, and the death would not have occurred without the defendant's actions."

Instruction 5.160 of the Criminal Model Jury Instructions for Use in the District Court (2009).

4

[victim] was a foreseeable result of the defendant's negligent conduct." Kent v. Commonwealth, 437 Mass. 312, 320 (2002). "This formulation is not altered when the original negligent act is followed by an independent act or event that actively operates in bringing about a [victim's] injury, that is, a so-called intervening cause," unless "the intervening event was of a type so extraordinary that it could not reasonably have been foreseen, [in which case,] that new event is deemed to be the proximate cause of the injury and relieves a defendant of liability." Delaney v. Reynolds, 63 Mass. App. Ct. 239, 242 (2005).

Our cases generally recognize intervening causes of harm as those unforeseen events or acts of victims or third parties that are independent, direct, and substantial causes of harm that come after defendants' initial negligence. See, e.g., Purchase v. Seelye, 231 Mass. 434, 436-437 (1918) (despite negligence of victim's employer, surgeon's subsequent operation on wrong side of injured victim was "wholly wrongful, independent and intervening cause" of injury); Delaney, 63 Mass. App. Ct. at 244-245 (jury could find plaintiff's act of shooting herself was intervening, superseding cause of her injury, relieving defendant of liability for leaving loaded gun unsecured).

Here, the defendant does not cite to any Massachusetts authority, and we are aware of none, to support the proposition

that a weather condition such as solar glare might constitute an unforeseen, intervening cause of a victim's death in a motor vehicle collision, warranting a supplemental jury instruction or otherwise relieving the defendant of liability for his initial negligence.  Because the solar glare was therefore not an "independent act or event that actively operate[d] in bringing about" the victim's death, Delaney, 63 Mass. App. Ct. at 242, and the defendant's act of turning into oncoming traffic and striking the victim's motorcycle with his truck was more than merely a "minor and remote link in the chain of events leading to the death," Instruction 5.160 of the Criminal Model Jury Instructions for Use in the District Court (2009), there was no error in the judge's instructions to the jury here.

Moreover, even if the solar glare could be considered an independent act or event, it is uncontested that the defendant was aware of the "blinding" sun well before he reached the intersection, and that he adjusted his visor several times to account for it.  It is further uncontested that the defendant came to a complete stop and had an opportunity to look for oncoming traffic with an unobstructed view.  It was only after beginning to turn his vehicle into the victim's lane of travel that the defendant was "blinded" by the solar glare.  In these circumstances, even if we assume without deciding that solar glare amounted to an independent "event,"  as an "intervening

6

occurrence[, it] was foreseeable by [the] defendant, [and so] the causal chain of events remain[ed] intact and the original negligence remain[ed] a proximate cause of [the victim's] injury." Delaney, 63 Mass. App. Ct. at 242. See R.L. Currie Corp. v. East Coast Sand & Gravel, Inc., 93 Mass. App. Ct. 782, 785-786 (2018) (third party causing property damage through unauthorized use of defendant's idling front-end loader could be reasonably foreseeable consequence of defendant's failure to secure equipment). The judge, therefore, did not err in declining to give a separate instruction on intervening and superseding causes. See Commonwealth v. Anestal, 463 Mass. 655, 674 (2012) ("there must be some basis in evidence, viewed in the light most favorable to the proponent, supporting the requested instruction" [citation omitted]).

Separately, the defendant was afforded ample opportunity to argue his theory of defense as presented through opening and closing statements, his own testimony, and testimony elicited from witnesses concerning weather conditions and solar glare on the morning of the collision. Accordingly, the defendant was not prejudiced by the judge's refusal to provide the requested instruction. See Adams, 34 Mass. App. Ct. at 519-520 (absence of instructions on inferences jury may draw did not undercut

7

defense or prejudice defendant where defense counsel urged jury to make those inferences in closing argument).

Judgment affirmed.

By the Court (Hand, Grant & Wood, JJ.[4]),

Clerk

Entered:  July 29, 2025.

---

[4] The panelists are listed in order of seniority.